UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VANDA PHARMACEUTICALS INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **FOOD AND DRUG ADMINISTRATION**, *et al.*, <br><br> Defendants. | Case No. 23-cv-2812 (CRC) |

## OPINION AND ORDER

Plaintiff Vanda Pharmaceuticals Inc. ("Vanda") seeks to set aside the Food and Drug Administration's ("FDA") approval of an abbreviated new drug application ("ANDA") for a generic version of one of Vanda's brand-name drugs. Vanda's September 2023 complaint alleges that the approval violated the Administrative Procedure Act ("APA") and was not issued by a validly appointed officer under the Appointments Clause. In a September 2024 ruling, the Court granted the FDA's motion to dismiss the APA claims, finding they were unripe for judicial review while the FDA was simultaneously considering Vanda's pending Citizen Petition challenging the ANDA approval. See Vanda Pharms. Inc. v. FDA, No. 23-cv-2812 (CRC), 2024 WL 4133623, at *6 (D.D.C. Sep. 10, 2024).[1]

The Court declined to dismiss the Appointments Clause claim. Rather, the Court gave the FDA an opportunity to have a different official ratify the approval given uncertainties in the Court's mind about one of the statutory grounds for the appointment advanced by the

---

[1] A Citizen Petition is an FDA regulatory device by which any "interested person" may request that the agency "issue, amend, or revoke a regulation or order, or [ ] take or refrain from taking any other form of administrative action." 21 C.F.R. § 10.25(a); see also id. at § 10.30.

Commission. Id. at *18–20. The Court invited the FDA to renew its motion to dismiss the Appointments Clause claim at the "appropriate juncture." Id. at *20.

Subsequently, in June 2025, the FDA rejected Vanda's Citizen Petition and declined to re-ratify the ANDA approval. See Status Report, ECF No. 46, at 1. On August 11, Vanda submitted a Formal Dispute Resolution Request to the Commissioner of Food and Drugs, asking him to review and reverse the agency's response to the Citizen Petition. Defs.' Cross-Mot. for Summ. J. at 6–7. Three days later, Vanda moved for summary judgment in this case on the remaining Appointments Clause claim. Defendants cross-moved for summary judgment, arguing that Vanda's constitutional claim remained premature in light of Vanda's continuing parallel efforts to challenge the ANDA approval before the agency.

In October 2025, the FDA's Office of the Commissioner denied Vanda's formal dispute resolution request. See Status Report Regarding Administrative Proceeding, ECF. No. 52, at 1. The following month, while briefing in this case was ongoing, Vanda asked the Commissioner of Food and Drugs to either "substantively review[]" Vanda's formal dispute resolution request or "treat[] Vanda's request as a timely petition for reconsideration" of the FDA's denial of its Citizen Petition. Reply in Supp. of Defs.' Cross-Mot. for Summ. J., Ex. A at 3.

* * *

With briefing now complete, the FDA urges the Court to deny Vanda's renewed summary judgment motion on the ground that its Appointments Clause claim still is not prudentially ripe. The Court agrees.

The doctrine of prudential ripeness prevents premature adjudication by requiring courts "to evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." Nat'l Park Hosp. Ass'n v. Dep't of Interior, 538 U.S. 803, 808

(2003).  Purely legal challenges are presumptively reviewable.  See Nat'l Min. Ass'n v. Fowler, 324 F.3d 752, 757 (D.C. Cir. 2003).

Regarding prong one, fitness for review, the Circuit applies a "functional approach," Vanda Pharms., 2024 WL 4133623, at *7–11, in which an agency action might not be fit for review if it is not "sufficiently final" even if it technically qualifies as a final agency action, Toca Producers v. FERC, 411 F.3d 262, 266 (D.C. Cir. 2005).  In conducting this analysis, courts consider whether the agency might provide plaintiffs the same relief.  Id.  If that is the case, there is a "substantial 'judicial interest in deferring resolution.'"  Id. (citation omitted).  Here, the FDA can give Vanda what it seeks in this case: a revocation of the challenged ANDA approval.  Thus, if the court does not decide the Appointments Clause claim now, it "may never need to," which is the principle undergirding the ripeness doctrine.  Vanda Pharms., 2024 WL 4133623, at *11 (quoting Devia v. Nuclear Regul. Comm'n, 492 F.3d 421, 424 (D.C. Cir. 2007)).

This principle is especially salient here in light of the constitutional avoidance doctrine, which Vanda ignores entirely in its briefing.  "Under long-established principles of constitutional avoidance, courts must 'avoid the premature adjudication of constitutional questions' and 'not . . . pass on questions of constitutionality . . . unless such adjudication is unavoidable[.]'" Qassim v. Trump, 927 F.3d 522, 530 (D.C. Cir. 2019) (quoting Matal v. Tam, 582 U.S. 218, 231 (2017)).  That is so because deciding constitutional questions is "the gravest and most delicate duty that this Court is called on to perform."  Nw. Austin Mun. Utility Dist. No. One v. Holder, 557 U.S. 193, 204 (2009).  There are two ways in which reaching Vanda's constitutional claim might prove unnecessary.  First, the FDA Commissioner might reconsider the agency's position on the Citizen Petition, thereby providing Vanda the outcome it seeks and mooting the Appointments Clause challenge.  Second, if the Commissioner rejects Vanda's request for re-reconsideration,

3

and Vanda does not press forward again within the agency, it could conceivably renew (and prevail on) its claims under the Administrative Procedure Act, the merits of which the Court did not confront in its prior ruling. Thus, despite Vanda's protestations that the purely legal nature of its claims belies any "significant interest in postponing review," Pl.'s Reply in Supp. of Renewed Mot. for Summ. J. at 21–22 (quoting Sidak v. United States Int'l Trade Comm'n, 678 F. Supp. 3d. 1, 13 (D.D.C. 2023)), the Court plainly has such an interest.

As to prong two, the Court is unconvinced that staying its hand will cause Vanda meaningful hardship. The Court was skeptical in its previous opinion that competing with one more generic would make a meaningful dent in Vanda's finances. Vanda Pharms., 2024 WL 4133623, at *12. Vanda has not provided any further evidence to change the Court's mind. And despite its qualms with how long the agency took to decide its Citizen Petition, Pl.'s Reply at 22, Vanda has not shown "any 'immediate and significant hardship' sufficient to 'outweigh institutional interests in the deferral of review.'" Saline Parents v. Garland, 88 F.4th 298, 308 (D.C. Cir. 2023) (quoting Action All. of Senior Citizens v. Heckler, 789 F.2d 931, 940 (D.C. Cir. 1986)). The Court will accordingly deny the motions for summary judgment without prejudice on grounds of prudential ripeness and stay the case pending the resolution of Vanda's formal dispute resolution request and/or request for reconsideration that is currently pending before the agency.

For the foregoing reasons, it is hereby

**ORDERED** that [49] Plaintiff's Motion for Summary Judgment and [51] Defendants' Cross-Motion for Summary Judgment are denied without prejudice. It is further

**ORDERED** that the case is STAYED pending the FDA's resolution of Vanda's formal dispute resolution request and/or request for reconsideration. It is further

**ORDERED** that within thirty days of the FDA's resolution of Vanda's requests, the parties shall file a Joint Status Report indicating whether further proceedings are necessary in this case and proposing a schedule for any necessary proceedings.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: January 28, 2026